1  MORGAN, LEWIS & BOCKIUS LLP
   Barbara J. Miller, State Bar No. 167223
2  Alejandro D. Szwarcsztejn, State Bar No. 272371
   P. Bartholomew Quintans, State Bar No. 308085
3  600 Anton Boulevard, Suite 1800
   Costa Mesa, CA  92626-7653
4  Tel:   +1.714.830.0600
   Fax:  +1.714.830.0700
5  barbara.miller@morganlewis.com
   david.szwarcsztejn@morganlewis.com
6  bart.quintans@morganlewis.com

7  Attorneys for Defendant
   GOLDEN STATE FC LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREISHA CARTER, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  5:18-cv-01111<br><br>**DEFENDANT GOLDEN STATE FC, LLC'S NOTICE OF REMOVAL**<br><br>Action Filed:     April 9, 2018<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

DB2/ 33284862.1

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Golden State FC, LLC ("Defendant"), by and through counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Riverside, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the following grounds.

## I. PROCEDURAL BACKGROUND

On April 9, 2018, Plaintiff Maureisha Carter ("Plaintiff") filed an unverified putative class and representative action complaint in the Superior Court of the State of California, County of Riverside, entitled *MAUREISHA CARTER, on behalf of herself and all others similarly situated, and on behalf of the general public, Plaintiff, vs. GOLDEN STATE FC, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, Defendants.*, Case No. RIC1806959.

On April 24, 2018, Plaintiff served copies of the Complaint, Summons, and Civil Case Cover Sheet on the registered agent for Defendant. Copies of these documents are attached hereto as **Exhibit A**. On May 24, 2018, Defendant filed an answer to the Complaint in Riverside County Superior Court. A copy of this document is attached hereto as **Exhibit B**. Exhibits A and B constitute all of the pleadings, process, and orders served upon, or by, Defendant in the Superior Court action.

Plaintiff's Complaint states, "This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382." Compl. ¶ 1. Plaintiff alleges that she "was employed by Defendants as a non-exempt, hourly employee in California." *Id*. ¶ 6. On behalf of herself and "all [of Defendant's] employees in California," "proposed Plaintiff Class," "California employees" and/or a "California Class" (*see id*. ¶¶ 2-4, 11-14), Plaintiff alleges various violations of the California Labor Code, collected together under one "First Cause of Action." *See id*. at 3. Plaintiff alleges violations of Labor Code section 226.7 for failure to authorize or permit rest

periods ("rest period claim"); Labor Code sections 201-203 for failure to pay wages due at the time of discharge ("waiting-time claim"); and Labor Code section 226(a) for failure to provide itemized wage statements ("wage statement claim"). *See* Compl. at 3-6.

For her rest period claim, Plaintiff requests "compensatory damages" for "Plaintiff and members of the California Class" for a four-year period. *Id*. at 6, Prayer for Relief ¶ 3.

For her waiting-time claim under Labor Code section 203, Plaintiff requests statutory penalties under that section pursuant to of thirty days' wages for "all members of the California class who are no longer employed by Defendants." *Id*. ¶ 1.

For her wage statement claim under Labor Code section 226(a), Plaintiff requests statutory penalties pursuant to Labor Code section 226(e). *Id*. ¶ 2.

For other alleged "violations of the Labor Code as described [in the Complaint]," Plaintiff requests civil penalties pursuant to the California Private Attorneys General Act ("PAGA"), Labor Code section 2698 *et seq*. *Id*. ¶ 4.

Plaintiff also requests attorneys' fees, costs, and pre- and post-judgment interest. Compl. at 6, Prayer for Relief, ¶¶ 5-7.

## II. REMOVAL IS TIMELY

Plaintiff served the registered agent for Defendant on April 24, 2018. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiff brings this action as a putative class action. *See* Compl. ¶¶ 1, 2-4,

11-14 (alleging a class action under California Code of Civil Procedure section 382, and purporting to represent "all [of Defendant's] employees in California," a "proposed Plaintiff Class," "California employees" and/or a "California Class"). Removal based on diversity jurisdiction under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's allegations and denies that Plaintiff, or the class she purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and her prayer for relief, all requirements for jurisdiction under CAFA have been met. Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).[1]

### A. The Putative Class Has More Than 100 Members.

Plaintiff asserts claims on behalf of a "proposed" class comprised of "all [of Defendant's] employees in California," or "California employees" of Defendant. Compl. ¶¶ 2-4, 11-14. Plaintiff specifically alleges a limitations period of "at least four (4) years prior to the filing of this action." *Id*. ¶ 2; *see also* Comp. at 6, Prayer for Relief ¶ 3 (seeking four years of compensatory damages for the class). Based

---

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law. Defendant notes specifically that the Complaint's class allegations are vague, incomplete, and procedurally defective. For purposes of establishing jurisdiction under CAFA, however, "there is no dispute the present action is a 'class action' under CAFA, as the action contains class allegations under California Code of Civil Procedure § 382." *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 (S.D. Cal. 2018) (denying motion to remand); *Diaz v. A & R Logistics, Inc.*, No. 15CV0520 DMS RBB, 2015 WL 3464450, at *1 (S.D. Cal. May 29, 2015) (same).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 33284862.1

3

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

on Plaintiff's definition, the putative class consists of at least 50,000 non-exempt, hourly-paid employees who worked for Golden State between April 9, 2015,[2] and April 9, 2018. Declaration of Peter Nickerson ("Nickerson Decl.") ¶¶ 3-4.

### B. Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff states that she is a resident of California. Compl. ¶ 6. The Complaint does not allege any alternate state citizenship. Therefore, Plaintiff is a citizen of California for diversity-jurisdiction purposes. Moreover, Plaintiff brings claims on behalf of putative class members residing in California. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

Pursuant to 28 U.S.C. § 1332, an unincorporated association or corporation is deemed to be a citizen of the state where it has its principal place of business and

---

[2] Although Plaintiff asserts a four-year limitations period, Defendant utilizes a three-year period for purposes of establishing the amount in controversy, because as discussed below, his claims under Labor Code sections 203 and 226.7 carry three-year limitations periods.

under whose laws it is incorporated or organized.  28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb 3, 2011) (same).  Golden State is organized under the laws of Delaware, and has its principal place of business in Seattle, Washington.  Declaration of Andrew Moriarty ¶¶ 3-4.  Accordingly, Golden State is a citizen of Washington for the purposes of determining diversity.  28 U.S.C. § 1332(c) & (d)(10).

Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant.  As a result, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount In Controversy Exceeds $5,000,000.

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  Defendant's burden to establish the amount in controversy is by a preponderance of the evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554.  "If a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 33284862.1

5

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (noting that in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy."). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017). Moreover, "the amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief* a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (emphasis added).

Under *Dart Cherokee*, a removing defendant is not required to submit

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 33284862.1

6

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

evidence in support of its removal allegations. *Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015). However, as detailed below, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. *See, e.g.*, *Gallegos v. Atria Mgmt. Co., LLC*, Case No. 5:16-cv-00888, 2016 U.S. Dist. LEXIS 104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of Payroll multiplied the number of employees by workweeks and average rates of pay to calculate meal period and rest break claims). As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

Defendant denies Plaintiff's factual allegations and denies that she or the class she seeks to represent is entitled to the relief for which she has prayed. Defendant properly complied with the Labor Code provisions at issue at all relevant times. Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member are entitled to recover any of the amounts or penalties sought in the Complaint. In addition, Defendant denies that liability or damages can be established on a classwide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 33284862.1

7

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

### 1. Plaintiff's Claim for Waiting-Time Penalties Under Labor Code § 203 Puts At Least $7,050,000 In Controversy.

A claim for waiting-time penalties under Labor Code section 203 has a three-year statute of limitations. *See Brewer v. General Nutrition Corp.*, 2015 WL 5072039, at *13 (citing *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1401-02 (2010)). The penalty under section 203 is measured at the employee's daily rate of pay and is calculated by multiplying the daily wage by the number of days that the employee was not paid, up to a maximum of 30 days' wages. *See, e.g.*, *Ming-Hsiang Kao v. Joy Holiday*, 12 Cal. App. 5th 947, 963 (2017).

Plaintiff alleges that she "worked without *ever* receiving" a rest period, and that "when Plaintiff's employment with Defendants ended, Defendant failed to pay Plaintiff premium compensation that Plaintiff was owed *for missing her rest breaks*." Compl. ¶ 29 (emphasis added). Plaintiff seeks "penalties pursuant to Labor Code § 203 for *all* members of the California class who are no longer employed by Defendants . . . ." Compl. at 6, Prayer for Relief ¶ 1 (emphasis added).

Since April 9, 2015, the employment of at least 50,000 employees of Golden State in California who would fall into Plaintiff's putative class description has ended. Nickerson Decl. ¶ 5. The *lowest* wage per hour of those employees at the time their employment with Golden State was terminated was approximately $11.75 per hour. *Id*. Plaintiff's allegations on their face would apply to every employee, because Plaintiff alleges she did not "ever" receive a rest period and that that Defendant never paid her the compensation she was due for such unprovided rest periods—thus, all similarly situated employees would be owed waiting-time penalties. Even setting aside such allegations, for purposes of establishing the

---

controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 33284862.1

8

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

amount in controversy, "a 25% violation rate would be a conservative and reasonable assumption" where a plaintiff only generally alleges the defendant had "a practice and/or policy" of not providing paid rest breaks. *See Varsam v. Lab. Corp. of Am.*, No. 14-cv-2719 BTM (JMA), 2015 WL 4199287, at *3 (S.D. Cal. July 13, 2015). Assuming even more conservatively yet, for present purposes, that only 10% of Plaintiff's putative class was not provided compliant rest periods and owed wages as a result, and thus was improperly withheld wages upon termination, and applying the minimum hourly wage earned of $11.75 per hour and a minimum daily shift of four hours, Plaintiff's claim for waiting-time penalties still places at least $7,050,000 in controversy: (5,000 putative class members, which is 10% of the 50,000 employees potentially at issue, x 4 hours per work day of daily wages x $11.75 per hour x 30 days = $7,050,000).

### 2. Plaintiff's Rest Break Claim Puts At Least $7,350,000 In Controversy

Plaintiff seeks "compensatory damages in the amount of one hour of wages for each day on which a rest period was not properly provided to Plaintiff and members of the California Class, and compensation in lieu thereof was not paid, from the date at least four years prior to the filing of this action," or April 9, 2014. Compl. at 6, Prayer for Relief ¶ 3 (emphasis added). A claim for rest break premiums under Labor Code section 226.7, based on an argument that rest breaks were not provided, carries a three-year statute of limitations. *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094 (2007). Since April 9, 2015, therefore, Golden State employees working at Fulfillment Centers (like Plaintiff did) have worked over seven million shifts of at least four hours. Nickerson Decl. ¶ 6. The minium hourly wage paid over any of these shifts was approximately $10.50. *Id*. Assuming only a 10% violation rate, Plaintiff's claim for rest break wages places at least $7,350,000 in controversy: that is, 700,000 shifts multiplied by the $10.50 minimum value of one hour of pay.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 33284862.1

9

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL

### 3. Plaintiff's Other Claims and Request for Attorneys' Fees Put Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.

As shown above, using an assumed violation rate even more limited than that endorsed by another court as "conservative" and "reasonable," Defendant has shown that Plaintiff's rest break claim and his waiting-time penalties claim *each* independently exceed the CAFA threshold by placing more than $5,000,000 in controversy. Defendant has demonstrated this amount by a preponderance of the evidence, as presented with this Notice of Removal. However, in addition to this amount, Plaintiff also seeks recovery of "penalties pursuant to *Labor Code* §§ 226(e) [sic] for members of the Class," further increasing the amount in controversy. Compl. at 6, Prayer for Relief ¶ 2.

Plaintiff also seeks recovery of attorneys' fees. *See* Compl. at 6, Prayer for Relief ¶ 7. Defendant denies Plaintiff's claim for attorneys' fees. However, attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy); *Chavez*, 888 F.3d at 414–15 (9th Cir. Apr. 20, 2018).("[T]he amount in controversy is determined by the complaint operative at

the time of removal and encompasses *all relief* a court may grant on that complaint if the plaintiff is victorious.") (emphasis added).

For purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *See In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Courts therefore include a potential 25% fee award in the CAFA amount in controversy. *See*, *e.g.*, *Sanchez*, 2015 WL 12765359, at *7. Even though Defendant has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendant notes that the inclusion of attorneys' fees would add at least another $3,600,000 to the amount in controversy (25% of $14,400,000, the sum of $7,050,000 and $7,350,000), bringing the total amount in controversy to at least $18,000,000.

## IV. VENUE

This action was originally filed in the Superior Court for the County of San Riverside. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

| | | |
|---|---|---|
| 1 | Dated: May 24, 2018 | MORGAN, LEWIS & BOCKIUS LLP |

By  /s/ Barbara J. Miller
　　Barbara J. Miller
　　Alejandro D. Szwarcsztejn
　　P. Bartholomew Quintans
　　Attorneys for Defendant
　　GOLDEN STATE FC LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 33284862.1

12

GOLDEN STATE FC, LLC'S
NOTICE OF REMOVAL